## JONES ET AL. v. WOODHULL, ADMINISTRATOR OF BENJAMIN DOUGLASS.

Where a man is barred of his remedy at law by inevitable accident — chancery will grant relief.

PETITION in chancery — showing that in A. D. 1773 the petitioners and said Benjamin Douglass were jointly bound with and for John Lothrop in the sum of £350 to Mr.
Ray, it being the proper debt of said Lothrop; that said Ray recovered a judgment against them in A. D. 1775, for the sum of £       on said obligation, which they had since been obliged to pay; that said Lothrop was dead and totally insolvent, and nothing could be recovered from his estate; that said Douglass being a joint bondsman with them for said Lothrop, took upon him the risk of one-third of said debt with the petitioners; and as they had paid the whole, his administrator was liable to pay to them out of his estate, his proportion of said debt; further stating that the time limited for exhibiting claims against said Douglass's estate expired long before their legal claim against it accrued, which was not till after the death of the said John Lothrop — praying for relief, etc.

Plea in abatement — That the respondent had long since fully administered on said Douglass's estate, closed his accounts with the Court of Probate, and hath not any of the estate of said deceased in his hands; and sets forth a quietus, from the judge.

Judgment — That the plea in abatement is insufficient.

Clark v. Welton.

Cause continued; and upon a hearing on the merits, the petition was granted and a decree passed accordingly.

This was a debt of Lothrop's. The petitioners and Douglass were his bondsmen, and run a joint risk of Lothrop's ability to pay. Lothrop is dead and totally insolvent, and the petitioners have been compelled to pay the whole; both law and equity is that Douglass should respond to the petitioners his proportion; but this claim upon Douglass's estate did not arise till Lothrop's death, at which time all claims against said Douglass's estate, were barred by the Statute of Limitation.

The case is shortly this, the petitioners have a legal and just claim upon the estate of said Douglass; but it did not accrue in time, so that it was impossible for them to exhibit and have it allowed against the estate of said Douglass; and that they are inevitably defeated of their remedy at law. The only question is, will equity grant relief; the case appeared so clear to the court, that they had no doubts on the subject. See the case of Backus v. Cleaveland in Kirby's Reports, page 36, and affirmed in the Supreme Court of Errors.

This judgment or decree was afterwards reversed in the Supreme Court of Errors. But the reasons have not been given, as I can find.